(25 Misc. Rep. 289.)

RYER et al. v. PENNSYLVANIA R. CO.

(City Court of New York, General Term. November 18, 1898.)

1. CARRIERS—CONTRACT—PLEADING AND PROOF.

A complaint alleging that defendant railroad company agreed to safely transport or return, as directed, the goods shipped by defendant's road; that defendant neglected to return or deliver them, and they were lost or destroyed in transit by defendant's negligence,—is not sustained by proof of an agreement, made after the goods were shipped, that defendant, as agent of the shipper, will use all available means to stop the goods before delivery to the consignee, and to return the same, and that they were not returned.

2. SAME—LIABILITY UNDER CONTRACT.

Agreement of a carrier, made after goods are shipped, that, as agent of the shipper, it will use all available means to stop the goods before delivery to the consignee, and to return the same, makes it liable only for negligence in executing it.

Appeal from trial term.

Action by James B. Ryer and another against the Pennsylvania Railroad Company. From judgment for plaintiffs, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Robinson, Biddle & Ward, for appellant.

Campbell & Murphy, for respondents.

FITZSIMONS, C. J. The motion made by the attorneys for the defendant, when plaintiffs rested, to dismiss the complaint herein, on the ground that plaintiffs failed to prove the allegations contained therein, should have been granted. Besides, the plaintiffs' evidence failed to show that they have a cause of action against the defendant. The complaint alleges that defendant agreed to safely transport, or return as directed, the goods shipped by the defendant's road; that defendant neglected, and still neglects, to return or deliver said goods to plaintiffs, although required to do so; and that they were lost or destroyed in transit, by reason of the negligence of the defendant. This allegation the plaintiffs, under the denial contained in the defendant's answer, were required to prove before they could recover herein. They did not attempt to prove, in fact, ignored, it; but upon the trial they consented to have introduced in evidence by the defendant a paper reading as follows:

"Star Union Line, Pennsylvania Railroad. Pennsylvania Company.

"Indemnity Agreement.

"New York, Sept. 18, 1889.

"To Agent Union Line—Dear Sir: The undersigned shipped by your line from New York City, N. Y., September 10, 1 case, &c.

"One bale, &c., No. 8,819.

No. 8,820.

"Marked, 'Goodlander Furniture Co., Fort Scott, Kansas.'

"Please use all available means to stop for us the above-mentioned articles before delivery to consignee, and return to us at 167 and 169 Canal street. And, in consideration of your efforts in our behalf, we hereby agree to indemnify you against, and save you harmless from, any suit or legal proceed-

ing, loss, damage, expense, counsel fees, cost, and transportation or other charges arising from, or caused by, your attempt to comply with this request; the full meaning and intent of this agreement meaning that you are to act as our agent in this transaction.       J. B. Ryer & Co.
"W. B. Ryer."

—And now claim, because of the acceptance by the defendant of such agreement, and its failure to return the goods mentioned therein, a right to recover the value of the same.    This agreement.is certainly not the one described in the complaint.    What its exact terms were the plaintiffs' evidence fails to disclose, but apparently it was such an agreement·as is described in the answer, and required the defendant to ship the goods to a customer of the plaintiffs in Ft. Scott, Kan. The agreement above set forth only required defendant to use all reasonable means to procure the return of said goods to plaintiffs before their delivery to the consignee.    It was no part of the shipping agreement, and did not entail upon the defendant the same responsibility for the care and delivery of the goods, and the defendant was only liable to the plaintiffs in case it was negligent in executing the terms of said agreement.    There is no evidence in the case even tending to show negligence on the part of the defendant, or that it was careless or dilatory in its efforts to procure the return of said goods.   For aught that appears, it may be that the goods not returned reached the consignee before the execution of the return agreement, which was entered into eight days after the shipping agreement.

As stated by us, plaintiffs entirely failed to prove the cause of action set up in their complaint.    For that reason the complaint should have been dismissed.    The facts which they attempted to establish upon the trial failed to show a cause of action against the defendant.

The judgment must be reversed, and the complaint dismissed, with costs.

O'DWYER, J., concurs.